## M. WALTER TOBEY *vs.* JAMES R. B. DINSMORE.

Kennebec.    Opinion October 21, 1915.

*Possession.*            *Title.*            *Trespass.*

In an action of trespass quare clausum, when the defendant pleaded title in himself,

*Held:*

1.  That plaintiff must rely on the strength of his own title.
2.  The defendant, not proving any title in himself, possession of the locus by plaintiff at time of trespass will sustain an action against a mere trespasser.

On exceptions by defendant.  Exceptions overruled.

This is an action of trespass quare clausum against James R. B. Dinsmore, defendant, for entering the plaintiff's land, situate in China, Maine, and cutting certain wood thereon.  Plea, general issue with brief statement claiming title to the land described and denying that plaintiff had any title thereto.  The case was tried before a single Justice, who found in favor of plaintiff.  To this finding, the defendant took exceptions.

The case is stated in the opinion.

*Harvey D. Eaton,* for plaintiff.

*Williamson, Burleigh & McLean,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SPEAR, J.  This is an action of trespass quare clausum, and turns upon the inquiry, whether the plaintiff proved any title to the locus, or, in the last analysis, possession at the time of the alleged trespass, as the defendant pleaded title in himself.

It is a familiar rule that, under this plea, the plaintiff must rely upon the strength of his own title.  The case was tried before a single Justice who found in favor of the plaintiff.  To this finding the defendant takes exceptions upon the only ground open to him.

that it was a necessary inference of law, from the evidence, that the plaintiff had shown neither title nor possession. At the outset it may be said the defendant proved no title in himself. It therefore comes to the inquiry whether there was any evidence, upon which the sitting Justice was authorized to find either title or possession in the plaintiff. We think there was. While the description of the locus in the deed does not correspond with that in the declaration, it yet appears that the plaintiff bought what he knew and what was known as the Briggs' lot. He says: "When I bought the heirs out I was to have exactly what my father had." A. It is the Briggs' lot. This plaintiff, as it seems, was perfectly familiar with these premises, as his father had owned them. But it is unnecessary to decide whether he proved title by his deed. It is quite clear that his understanding, that his deed had conveyed to him the locus, the Briggs place, coupled with the further facts, as testified to by the defendant, that the plaintiff "has cut several years, three or four years past on and off" and that he had "about 150 trees, mostly pine, and about 300 to 500 hard wood trees" warranted the inference that the plaintiff was in possession of the locus claimed by him at the time of the alleged trespass. Such inference being warranted the exceptions cannot prevail. Possession will sustain an action against a mere trespasser.

*Exceptions overruled.*